UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BENNY BOURDEAU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 22-CV-0217-CVE-CDL |
| ) | |
| DEWEY POLICE DEPARTMENT and ) | |
| THE CITY OF DEWEY, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

Now before the Court are Defendants' Motion to Dismiss and Brief in Support (Dkt. # 3) and plaintiff's Motion for Sanctions under Rule 11 of Federal Rules of Civil Procedure (Dkt. # 12). Plaintiff filed this case alleging one claim of false arrest, but it appears that he is alleging a false arrest claim under state and federal law. The City of Dewey (the City) argue that plaintiff has failed to state a valid false arrest claim under state and federal law, because the arresting officer had probable cause to believe that plaintiff had violated multiple municipal ordinances. Dkt. # 3, at 2. Plaintiff responds that the City municipal ordinances were unenforceable due to the City's failure to comply with publication requirements under Oklahoma law, and the arresting officer lacked probable to cause to arrest plaintiff for a violation of state law. Dkt. # 10.

**I.**

Plaintiff filed this case in Washington County District Court after he was arrested on June 21, 2021. Dkt. # 2-2. Plaintiff's petition contains few factual allegations, but he claims that he had been staying at a residence located at 618 East 6th Street in Dewey, Oklahoma. Id. at 2. The petition alleges that plaintiff was arrested by Dewey Police Officer Gary Carter based upon an arrest warrant

identifying high grass, "Code General Penalty," obstructing a sidewalk, public nuisance, and disobeying the lawful order of a police officer as the basis for the arrest. Id.  Plaintiff claims that he spent six days in jail "without a trial" after he was arrested. Id.  Plaintiff claims that he was not the owner of the residence and he could not have committed a municipal offense based on the condition of the lawn. Id. at 3.  He also alleges that Carter arrested plaintiff for failing to disclose his identity upon Carter's request, even though plaintiff has a constitutional right to refuse to give his name to a police officer. Id. at 3.  Plaintiff cites OKLA. STAT. tit. 11, § 14-109, and he claims that the City's municipal ordinances are unenforceable due to the City's failure to follow the publication requirements of this statute. Id.  Defendants removed the case to federal court due to the "implication" that plaintiff was asserting a claim based on the violation of his Fourth and Fifth Amendment rights. Dkt. # 2, at 1.

## II.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted).  "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562.  Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009). For the purpose of making the dismissal determination,

2

a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to a claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

### III.

The City argues that plaintiff has attempted to allege a false arrest claim against the City, not the police officer who arrested him, and plaintiff must adequately allege that his constitutional rights were violated pursuant to an official policy or custom to state a claim against the City under 42 U.S.C. § 1983. Dkt. # 3, at 5-7. The City also argues that plaintiff has failed to state a false arrest claim under Oklahoma law, because Carter had probable cause to arrest plaintiff for violations of municipal ordinances. Id. at 8-12. Plaintiff responds that the City's chief of police approved of or ratified Carter's conduct, and this is sufficient to establish a municipal policy or custom for the purpose of a § 1983 claim. Dkt. # 10, at 13.

Under § 1983, a local government or municipality may be held liable for adopting an official policy or custom causing a violation of constitutional rights, but local governments can not be sued under a respondeat superior theory of liability. Monell, 436 U.S. at 691. "To establish a claim for damages under § 1983 against municipal entities or local government bodies, the plaintiff must prove (1) the entity executed a policy or custom (2) that caused the plaintiff to suffer deprivation of

constitutional or other federal rights." Moss v. Kopp, 559 F.3d 1155, 1168 (10th Cir. 2009). It is not enough for a plaintiff to allege that the actions of a governmental employee injured him. Olsen v. Layton Hills Mall, 312 F.3d 1304, 1318 (10th Cir. 2002). "Instead, it must be shown that the unconstitutional actions of an employee were representative of an official policy or custom of the municipal institution, or were carried out by an official with final policy making authority with respect to the challenged action." Seamons v. Snow, 206 F.2d 1021, 1029 (10th Cir. 2000). One way for a plaintiff to prove a claim of municipal liability is to show that an express policy deprived the plaintiff of a constitutional right. Christensen v. Park City Mun. Corp., 554 F.3d 1271, 1279 (10th Cir. 2009). Another way to establish municipal liability is to show that an action taken by a final policymaker for the governmental entity violated or caused a violation of the plaintiff's constitutional rights. Simmons v. Uintah Health Care Special Dist., 506 F.3d 1281, 1285 (10th Cir. 2007).

A municipal policy or custom may take the form of "(1) 'a formal regulation or policy statement'; (2) an informal custom 'amoun[ting] to 'a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law'; (3) 'the decisions of employees with final policymaking authority'; (4) 'the ratification by such final policymakers of the decisions–and the basis for them–of subordinates to whom authority was delegated subject to these policymakers' review and approval'; or (5) the 'failure to adequately train or supervise employees, so long as that failure results from 'deliberate indifference' to the injuries that may be caused.'" Bryson v. Oklahoma City, 627 F.3d 784, 788 (10th Cir. 2010) (quoting Brammer-Hoelter v. Twin Peaks Charter Acad., 602 F.3d 1175, 1189-90 (10th Cir. 2010)).

Both parties rely on factual allegations that are not included in plaintiff's petition in support of their arguments, but the Court is ruling on a motion to dismiss under Rule 12(b)(6). The Court's review of the parties' arguments is limited to the facts alleged in the complaint, and the Court may not consider evidence "outside the four corners of the complaint" when reviewing a motion to dismiss under Rule 12(b)(6). Goodwill Industries of Central Oklahoma, Inc. v. Philadelphia Indemnity Insurance Company, 21 F.4th 704, 713 (10th Cir. 2021). There are no allegations in plaintiff's petition concerning the existence of an official policy or custom of the City that caused him to be illegally arrested, and plaintiff focuses solely on Carter's actions as a basis for holding the City liable under § 1983. The City cannot be held liable under a respondeat superior theory of liability based on the actions of its employees, and plaintiff must do more than allege that Carter arrested plaintiff without probable cause to state a § 1983 claim against the City. See Dodds v. Richardson, 614 F.3d 1185, 1197 (10th Cir. 2010). At most, plaintiff has alleged that the City can be held liable for failing to publish municipal ordinances in compliance with Oklahoma law, but there are no allegations that the City intentionally failed to republish city ordinances for the purpose of depriving the City's residents of notice of municipal ordinances. Dkt. # 2-2, at 3. Plaintiff has also not alleged that the failure to properly publish municipal ordinances was the result of an official policy or custom. Plaintiff has failed to state a viable § 1983 claim against the City.[1]

The City also argues that plaintiff has failed to allege a valid state law claim for false arrest. Plaintiff's state law claim is primarily based on his assertion that the City's ordinances were

---

[1] Plaintiff also names the Dewey Police Department as a defendant, but courts have consistently held that a police department is not a "person" that can be named as a defendant in a § 1983 claim. Martinez v. Winner, 771 F.2d 424, 444 (10th Cir. 1985); Brown v. Las Cruces Police Dep't, 347 F. Supp. 3d 792, 811 (D.N.M. 2018); Stump v. Gates, 777 F. Supp. 808, 815-16 (D. Colo. 1991).

unenforceable due to the City's failure to comply with publication requirements under state law, but he also alleges that Carter lacked probable cause to believe that plaintiff committed certain municipal offenses. Under Oklahoma law, a plaintiff alleging a claim of false arrest must adequately allege "an unlawful restraint of [his] personal liberty or freedom of locomotion," and this element can be satisfied with allegations that the plaintiff was arrested without probable cause. Shaw v. City of Oklahoma City, 380 P3d 894, 900 (Okla. Civ. App. 2016). Plaintiff's petition is defective as to his allegations concerning the lack of probable cause, because he does not allege that all of the bases for his arrest were unsupported by probable cause. However, this could potentially be cured by the filing of an amended complaint. The more critical issue for plaintiff's false arrest claim is whether the municipal ordinances were unenforceable under state law. The Court has found no authority from the state courts of Oklahoma interpreting OKLA. STAT. tit. 11, § 14-109 and related statutes and, read as a whole, it is unclear whether the City's municipal ordinances are wholly unenforceable. The Court has found that plaintiff's federal false arrest claim should be dismissed, and the Court is presented with a novel or unclear question of state law as the primary issue remaining in the case. Federal district courts should generally decline to exercise supplemental jurisdiction over state law claims after the district court has dismissed all claims over which it has original jurisdiction, especially when the case presents a novel or complex issue of state law. 28 U.S.C. § 1367(c). The Court declines to exercise supplemental jurisdiction over plaintiff's state law false arrest claim, and

the Court finds that the case should be remanded to Washington County District Court for proceedings on plaintiff's state law false arrest claim.[2]

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss and Brief in Support (Dkt. # 3) is **granted in part** as to plaintiff's federal false arrest claim, but the motion remains pending as to the viability of plaintiff's state law false arrest claim.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Sanctions under Rule 11 of Federal Rules of Civil Procedure (Dkt. # 12) is **denied**.

**IT IS FURTHER ORDERED** that the Court Clerk is directed to **remand** this case to Washington County District Court.

**DATED** this 21st day of November, 2022.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff has also filed a motion for sanctions (Dkt. # 12) based upon a dispute with the City concerning compliance with the publication requirements of municipal ordinances under Oklahoma law. This is nothing more than a factual dispute between the parties that should not have been the subject of a motion for sanctions, and plaintiff's motion for sanctions (Dkt. # 12) is denied.