UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BENNY BOURDEAU, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 22-CV-0217-CVE-CDL |
| | ) | |
| DEWEY POLICE DEPARTMENT and | ) | |
| THE CITY OF DEWEY, | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Now before the Court is plaintiff's Motion to Vacate Order Taxing Costs (Dkt. # 21).  On November 21, 2022, the Court entered an opinion and order (Dkt. # 16) granting in part defendants' motion to dismiss as to plaintiff's federal law claim of false arrest, and the Court remanded the case to state court for further proceedings plaintiff's state law claims.  Dkt. # 16.  Defendants sought and were awarded costs in the amount of $426.50, and plaintiff asks the Court to vacate the award of costs.

Plaintiff filed this case in Washington County District Court alleging that he was arrested without probable cause, and it appeared that he was alleging claims based on state and federal law. Plaintiff cited Oklahoma statutes in an effort to allege that he had not committed an offense under Oklahoma law, and he argued that the City of Dewey's (the City) municipal ordinances were unenforceable due to the City's failure to comply with a publication requirement.  Dkt. # 2-2, at 3. Plaintiff also cited federal case law to support his argument that his federal constitutional rights had been violated by his arrest.  Dkt. # 2-2.  Defendants removed the case to this Court based on the implication that plaintiff was alleging a violation of his federal constitutional rights, because it

appeared that plaintiff was alleging that he was unlawfully arrested in violation of the Fourth

Amendment. Dkt. # 2. Defendants also filed a motion to dismiss plaintiff's claims under Fed. R.

Civ. P. 12 (b)(6). Dkt. # 3. In response, plaintiff argued that he had adequately alleged a claim under

42 U.S.C. § 1983 based on his assertion that the City ratified the police officer's allegedly unlawful

arrest. Dkt. # 10, at 13-15. Plaintiff also argued that the police officer violated federal law by

compelling plaintiff to provide identification. Id. at 16. The Court granted defendants' motion to

dismiss as to plaintiff's federal law claim and remanded the case to state court for further

proceedings on plaintiff's state law claims. Dkt. # 16. Defendants filed a bill of costs (Dkt. # 18),

and the Court Clerk awarded defendants costs in the amount of $426.50. Dkt. # 20.

In civil cases, "[u]nless a federal statute, these rules, or a court order provides otherwise,

costs--other than attorney's fees--should be allowed to the prevailing party." Fed. R. Civ. P. 54(d).

The award of costs is within "the court's sound discretion," but "the established rule is that costs are

generally awarded to the prevailing party." Rodriguez v. Whiting Farms, Inc., 360 F.3d 1180, 1190

(10th Cir. 2004). "The apparent intendment of Rule 54(d) is that the prevailing party is

presumptively entitled to costs, and that it is incumbent on the losing party to overcome such

presumption, since the denial of costs is in the nature of a penalty." Serna v. Manzano, 616 F.2d

1165, 1167 (10th Cir. 1980). Any objections to the Court Clerk's order granting or denying costs

must be filed within seven days, or those objections are waived. Fed. R. Civ. P. 54(d); Bloomer v.

United States, 337 F.3d 1220 (10th Cir. 2003). In this case, plaintiff has filed a timely objection to

the Court Clerk's order awarding defendants costs, and plaintiff's objection is properly before the

Court.

Plaintiff argues that defendants were not prevailing parties under Rule 54(d), because the Court's opinion and order remanding the case does not alter the legal relationship between the parties.  Plaintiff also argues that he was never asserting a false arrest claim under federal law, and he should be awarded attorney fees for having to file a motion to vacate the award of costs.  For the purpose of Rule 54(d), "usually the litigant in whose favor judgment is rendered is the prevailing party."  Barber v. T.D. Williamson, Inc., 254 F.3d 1223, 1234 (10th Cir. 2001).  There are instances other than entry of judgment in favor of a party that permit a court to award costs or attorney fees, such as settlement agreement enforceable by means of a consent decree, but there must be a "material alteration of the legal relationship of the parties" to support an award of fees or costs.  Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources, 532 U.S. 598, 604 (2001).  In this case, the Court has not entered judgment in favor of any party and has merely remanded the case after dismissing plaintiff's federal law claims.  Defendants cite Allen v. Lang, 738 F. App'x 934 (10th Cir. June 20, 2018),[1] for the proposition that an award of costs is appropriate when a district court disposes of all of a plaintiff's federal law claims and remands the case to state court for consideration of state law claims.  Dkt. # 22, at 2.  The Tenth Circuit noted that the district court had entered judgment in favor of the defendants, and the entry of judgment created a presumption that an award of costs was appropriate.  Allen, 738 F. App'x at 945-46.

This Court has not entered judgment in favor of defendants and there is no presumption that costs should be awarded.  Instead, the Court granted in part defendants' motion to dismiss on the ground that plaintiff had not adequately alleged a federal law claim against the City, and the Court

---

[1]     Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. 32.1: 10th Cir. R. 32.1.

declined to exercise supplemental jurisdiction over plaintiff's state law claims. Plaintiff's state court petition and the parties' briefing on the motion to dismiss show that plaintiff's argument concerning the enforceability of the City's municipal ordinances is the primary issue driving his claims, and that issue is now pending before a state court. Until this issue is resolved, there will be no material alteration in the parties' legal relationship. There could be circumstances when an award of costs is appropriate after a case is remanded to state court following the dismissal of some claims, but defendants have failed to show that this is such a case. The Court finds that the Court Clerk's order (Dkt. # 20) awarding costs to defendants should be vacated. However, plaintiff's request for attorney fees for filing a motion to vacate the award of costs is denied. This request is based on a blatant mischaracterization of the record, and it is clear that plaintiff was asserting a federal law claim against defendants. Defendants appropriately removed the case to this Court and sought dismissal of the federal false arrest claim, and plaintiff should bear his own attorney fees for filing a motion to vacate the award of costs.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Vacate Order Taxing Costs (Dkt. # 21) is **granted**, and the Court Clerk's order awarding costs to defendants (Dkt. # 20) is **vacated**.

**DATED** this 6th day of March, 2023.

_____

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE